# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 02-CR-20045** |
| | ) | |
| **CHARLES HODGES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

On February 26, 2008, Defendant, Charles Hodges, filed a pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#17). That same day this court appointed the Federal Defender's Office to represent Defendant. On June 23, 2008, this court entered a text order staying proceedings pursuant to Administrative Order No. 08-U-0035. This court suspended the filing deadlines on Defendant's Motion (#17) until the United States Court of Appeals for the Seventh Circuit rendered its decision in United States v. Monica Poole, Appeal Number 08-2328, the Defendant having 30 days from the date of the decision and the United States 30 days thereafter to file an appropriate pleading with the court. The Seventh Circuit subsequently rendered its decision in a published opinion as United States v. Poole, 2008 WL 5264410 (7th Cir., Dec. 19, 2008). On January 8, 2009, Defendant's counsel filed a Motion to Withdraw as Counsel (#25). In addition, Defendant filed a pro se Motion to Withdraw Counsel (#24). For the following reasons, this court GRANTS defense counsel's Motion to Withdraw as Counsel (#25) and also GRANTS Defendant's pro se Motion to Withdraw Counsel (#24).

BACKGROUND

On September 4, 2002, Defendant pleaded guilty to one count of distribution of 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  Because of Defendant's prior felony drug convictions, the mandatory minimum term of imprisonment for his offense was life imprisonment. The Pre-Sentence Report (PSR), which this court adopted at sentencing on January 2, 2003, reported that Defendant was accountable for 63 grams of cocaine base (crack) for a base offense level of 32.  Applying a 3-level downward adjustment for acceptance of responsibility and timely guilty plea, the PSR reported a total offense level of 29.  Defendant's criminal history category was IV, leading to an initial guideline imprisonment range of 121 to 151 months.  Under United States Sentencing Guideline § 5G1.1(b), however, because the statutory mandatory minimum sentence was greater than the maximum of the initial guideline range, the guideline sentence became life imprisonment.  Defendant was ultimately sentenced to a term of 262 months in the Federal Bureau of Prisons.  Defendant's sentence departed from the guidelines range upon the motion of the government as a result of Defendant's substantial assistance.

On February 26, 2008, Defendant filed his pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#17) and the Federal Defender's Office was appointed to represent him.  As previously noted, this court subsequently entered a text order staying proceedings until after the Seventh Circuit decided the Poole case.  On January 7, 2009, Defendant filed a pro se Motion for Production of Sentencing Transcripts (#22).  Defendant stated that he needed the transcripts because he was in the process of preparing a motion pursuant to 18 U.S.C. § 3582(c)(2).  This court denied the motion by text order on January 8, 2009.  In a letter to Defendant (#23), this court explained that Defendant had already

filed a motion to reduce his sentence under 18 U.S.C. § 3582(c) and that counsel had been appointed

to represent him.  This court stated that there was no need to provide Defendant with sentencing

transcripts so that he could file a motion which had already been filed and for which he had been

appointed counsel.  On January 8, 2009, Defendant filed a pro se Motion to Withdraw Counsel

(#24).

Also on January 8, 2009, following the Seventh Circuit's decision in <u>Poole</u>, defense counsel

filed his Motion to Withdraw as Counsel (#25).  In the Motion, defense counsel asserts that the

reductions available under the amendments to the Sentencing Guidelines do not apply in

Defendant's case because Defendant's sentence was based on a statutory mandatory minimum

sentence, and not on the Sentencing Guidelines.  Defense counsel notes that this view is supported

by the Guidelines themselves and the Seventh Circuit in <u>Poole</u>.

## ANALYSIS

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment

once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term
>
> of imprisonment based on a sentencing range that has subsequently
>
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
>
> 994(o), upon motion of the defendant or the Director of the Bureau
>
> of Prisons, or on its own motion, the court may reduce the term of
>
> imprisonment, after considering the factors set forth in section
>
> 3553(a) to the extent that they are applicable, if such a reduction is
>
> consistent with applicable policy statements issued by the Sentencing

Commission.

18 U.S.C. § 3582(c)(2).  A reduction is not consistent with applicable policy statements if the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10 comment n. 1(A).

In the Poole case, the defendant, following the reduction of her sentence for distributing five or more grams of crack, moved for a further sentencing reduction based on reduction in base offense level for crack offenses.  The district court denied her motion to modify based on 18 U.S.C. § 3582(c)(2) on the ground that she was ineligible for a reduction. Poole, 2008 WL 5264410, at *1. The defendant appealed, arguing that her sentence was based on a sentencing range subsequently lowered by the Guidelines Amendment 706 pertaining to crack offenses.

The Seventh Circuit rejected the defendant's argument.  The sole issue on appeal for the Seventh Circuit was whether the district court had jurisdiction to revisit the defendant's sentence based on Amendment 706.  Poole, 2008 WL 5264410, at *1.  The Seventh Circuit found that the defendant's sentence was based on a statutory mandatory minimum, not a sentencing range that Amendment 706 lowered.  The court noted that the district court judge initially calculated a guidelines range of 87-108 months, however a prior felony conviction subjected the defendant to a statutory minimum sentence of 120 months.  Because under U.S.S.G. § 5G1.1(b) the statutory minimum exceeded the otherwise applicable guideline range, the statutory minimum became the defendant's guidelines sentence.  Poole, 2008 WL 5264410, at *2.  The court concluded that while Amendment 706 lowered the defendant's base offense level, it did not lower the sentencing range on which her sentence was actually based-a statutory mandatory minimum sentence of 120 months

4

in prison.  Poole, 2008 WL 5264410, at *2.

The court also rejected the defendant's argument that 706 applied because her *initial* sentence was calculated based on the guidelines range now altered by the amendment.  The court reasoned that once the statutory minimum sentence was factored in, the initial guidelines calculation became academic, stating that:

> A sentence is not "based on" a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered.

Poole, 2008 WL 5264410, at *2.

The court then went on to cite Note 1(A) from U.S.S.G. § 1B1.10 and affirm the defendant's sentence, concluding that the district correct was correct that it lacked jurisdiction to revisit the defendant's sentence when her sentence was based on a statutory mandatory minimum.  Poole, 2008 WL 5264410, at *2-3.

In the instant case, Defendant's situation is the same as the defendant in Poole.  Defendant was not sentenced based on a guideline range altered by Amendment 706, but rather the sentence was based on the statutory mandatory minimum.  Thus, this court lacks jurisdiction to revisit Defendant's sentence and a reduction in sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and therefore not authorized under 18 U.S.C. § 3582(c)(2).  Defense counsel's Motion to Withdraw as Counsel (#25) is GRANTED.  Defendant's pro se Motion to Withdraw Counsel (#24) is also GRANTED.

5

This court notes that, in defense counsel's Motion to Withdraw as Counsel (#25), defense counsel asked this court to reconsider its ruling on Defendant's pro se Motion for Production of Sentencing Transcripts because one of the reasons this court denied the Motion was that Defendant was represented by counsel.  This court concludes that no reconsideration is necessary because the primary reason Defendant's pro se Motion was denied was that transcripts are not necessary due to the fact that Defendant has already filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c).

IT IS THEREFORE ORDERED THAT:

(1)  The Motion to Withdraw as Counsel (#25) filed by the Federal Defender's Office is GRANTED.

(2) Defendant's pro se Motion to Withdraw Counsel (#24) is also GRANTED.

(3) Defendant is allowed to proceed in this matter pro se.

(4)  Defendant shall file with this court, no later than 30 days of the date of this Order, a pleading that either (a) concedes that the Amendment does not apply because he was sentenced based on a statutory mandatory minimum, or (b) explains why the Amendment applies in spite of the sentence being based on the statutory mandatory minimum.

ENTERED this 20th day of January, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE